IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| STEVEN PORTER, JR., | * | |
| *for Mary Turner, deceased* | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:17cv00056-JJV |
| NANCY A. BERRYHILL, Acting | * | |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

On behalf of his deceased mother, Steven Porter, Jr. seeks judicial review of the denial of Mary Turner's application for disability insurance benefits and supplemental security income. This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. §405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; courts may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The only disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment

that has lasted twelve months or more and has prevented her from engaging in any substantial gainful activity. 42 U.S.C. §§ 423 (d)(1)(A), 1382c(3)(A)(B). After careful review of the record in this matter, for the following reasons, I find the decision of the Commissioner must be REVERSED and REMANDED.

Ms. Turner was thirty-nine years old at the time of the administrative hearing. (Tr. 47.) She alleges disability based on bipolar disorder, borderline personality disorder, seizures, fibromyalgia, and restless leg syndrome. (Tr. 244.) The Administrative Law Judge (ALJ)[1] first found Ms. Turner's past work history enabled her to qualify for the receipt of disability benefits. (Tr. 23.) The ALJ found her substance abuse addiction disorder, depression, post-traumatic stress disorder, personality disorder, and anxiety qualified as "severe" impairments under the regulations. (*Id.*) The ALJ further found Ms. Turner did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 24-26.)

The ALJ next determined Ms. Turner had the residual functional capacity to perform work at all exertional levels but was "limited to work where interpersonal contact is only incident to the work performed; the complexity of any tasks would need to be learned and performed by rote, contain few variables and require little judgment; any supervision that may be necessary or

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

required would need to be simple, direct, and concrete." (Tr. 26.) He further determined Ms. Turner should also avoid working around heights, machinery, and avoid operating moving vehicles and should not work with firearms or climb ladders, ropes or scaffolds. (*Id.*)

Given her residual functional capacity assessment, the ALJ determined Plaintiff was incapable of performing any of her past jobs. (Tr. 33.) Therefore, he utilized the services of a vocational expert to determine if other jobs existed in significant numbers that Ms. Turner could perform despite her impairments. (Tr. 68-75.) The ALJ determined Ms. Turner could perform the jobs of housecleaner, office helper, and hospital cleaner. (Tr. 34.) Accordingly, the ALJ determined Ms. Turner was not disabled. (Tr. 35.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of the Complaint, Plaintiff raises two arguments: 1) the ALJ failed to give proper weight to Ms. Turner's treating and examining doctors; and 2) the ALJ's questions posed to the vocational expert failed to fully consider Ms. Turner's mental limitations. (Doc. No. 11 at pp. 4-8.)

Plaintiff's treating physician, Jim G. Aukstuolis, M.D., provided a letter dated September 8, 2014. (Tr. 478.) Dr. Aukstuolis had treated Ms. Turner since July 17, 2013, and she had an Axis I diagnosis of bipolar disorder with severe psychotic features and an Axis II diagnosis of borderline personality disorder. (*Id.*) He concluded Ms. Turner was unable to engage in substantial gainful activity because of her medical and psychiatric conditions. (*Id.*) On August 12, 2015, Dr. Aukstuolis completed a "Medical Assessment of Ability to Do Work-Related Activities (Mental)." (Tr. 742-743.) Dr. Aukstuolis reported Plaintiff was extremely

3

limited and she needed a home health care worker to assist with activities of daily living and medication compliance. (Tr. 743.)

In evaluating this evidence, the ALJ stated, "The undersigned affords this opinion little weight, as the objective medical evidence of record as a whole demonstrates that the claimant is not as limited as Dr. Aukstuolis has opined."  (Tr. 32.)

While I agree that it appears Dr. Aukstuolis likely overstated Ms. Turner's limitations, the objective medical evidence supports a finding that Plaintiff is very limited by her psychological impairments.  For example, she had been hospitalized five times from 2012 to 2015.  (Tr. 403-427, 480, 485, 555, 720.)  Additionally, Dr. Aukstuolis's report is consistent with the consultative examination performed by Ron Faupel, Psy.D.  Dr. Faupel completed a Mental Diagnostic Evaluation and also concluded Ms. Turner was greatly impaired by her mental illness.  (Tr. 439-442.)  Dr. Faupel concluded, "Her ability to tolerate normal work related demands appeared to be significantly impaired due to anxiety, low stress tolerance and poor coping skills…[and her] ability to sustain attention on tasks and persist with difficult tasks appeared to be significantly impaired due to anxiety and poor concentration."  (Tr. 441-442.)  Dr. Faupel also concluded, "Her ability to maintain pace on tasks appeared to be significantly impaired due to poor concentration and emotional instability."  (Tr. 442.)

The fact that Ms. Turner's primary care doctor determined her impairments were more limiting should weigh heavily in the ALJ's determination.   20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3).  A treating physician's medical opinions are given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with the other substantial evidence.  *See Choate v. Barnhart*, 457 F.3d 865, 869 (8th Cir. 2006) (internal quotations omitted).  The ALJ may discount or even disregard a treating

physician's opinions <u>if</u> "other medical assessments are supported by better or more thorough medical evidence or where a treating physician renders inconsistent opinions that undermine the credibility of his opinion."  *See Id.* (internal quotations omitted).

I find the ALJ's decision failed to give adequate consideration to Dr. Aukstuolis's opinions and, therefore, is not supported by substantial evidence.  While I recognize there is other evidence that supports the ALJ's conclusion, Dr. Aukstuolis's opinions are generally consistent with the overall evidence of record.  In other words, unlike the ALJ, I find little reason to substantially discount Dr. Aukstuolis's conclusions.

Plaintiff also points out that the state agency doctors – whose opinions the ALJ gave great weight – did not have the full record before them when rendering their opinions.  (Doc. No. 11 at 5-6.)  Plaintiff's counsel correctly points out that Ms. Turner had been twice hospitalized after these opinions were rendered.  Their opinions may likely be affected by this important additional information.  So remand is further appropriate.

The Commissioner's counsel has done a good job pointing out the other evidence that supports the ALJ's decision and, for that reason, I find this decision to be a close call.  However, I have carefully considered the pleadings and medical evidence in this case and find remand is necessary.

Accordingly, I find that the decision of the ALJ is not supported by substantial evidence and this case is REVERSED AND REMANDED to the Commissioner for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ should reconsider Dr. Aukstuolis's conclusions and, if necessary, obtain additional opinions from consulting or other treating doctors.  Additionally, the Commissioner should have the state agency doctors reconsider

their opinions based on the entire record. Plaintiff's argument regarding the vocational expert should be resolved through this remand.

SO ORDERED this 6th day of July, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE